## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MULUGETA HAILU, 1135 University Blvd W., 1003, Silver Spring, MD 20902,

MIZAN WEREDE, 1451 Sheridan St. NW (Apt. A3), Washington, D.C. 20011,

WILLIAM PERRY, 183 Joliet St. SW, Apt 103, Washington, D.C. 20032

     and

YOHANNES WOUBE, 11020 1st Ave SW, Apt 2, Seattle, WA 98146,

       Plaintiffs,

   v.

UNIQUE N. MORRIS-HUGHES, in her official capacity as Director of the DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, 4058 Minnesota Ave NE, Washington, D.C. 20019,

MURIEL BOWSER, in her official capacity as Mayor of the DISTRICT OF COLUMBIA, John A. Wilson Building, 1350 Pennsylvania Avenue NW, Washington, DC 20004

     and

DISTRICT OF COLUMBIA, A Municipal Corporation, One Judiciary Square, 441 Fourth Street, NW, Washington, DC 20001,

      Defendants.

Civil Action No. 1:22-cv-00020

## **COMPLAINT**

## PRELIMINARY STATEMENT

Unemployment benefits provide essential support to workers who lose their jobs through no fault of their own.  The District of Columbia's Department of Employment Services ("DOES") administers claims filed in the District for these critical public benefits.  In doing so, DOES is bound to comply with federal constitutional and statutory requirements as well as those established by the District.  Nevertheless, DOES has consistently breached these fundamental duties when administering benefits for Plaintiffs and numerous other claimants.  Defendants have violated Plaintiffs' federal constitutional and statutory rights, and rights under D.C. law, by denying, terminating, and seizing benefits through an offset procedure, without providing adequate notice and an opportunity to challenge those actions.  Defendants also have violated Plaintiffs' rights to prompt benefit determinations and payments mandated by federal statute and D.C. law.  Plaintiffs seek equitable relief and damages to remedy these fundamental injuries.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) over Counts I through IV of this Complaint, which allege violations of federal law.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Counts V and VI of this Complaint, which allege violations of District of Columbia law, because those Counts arise from the same case or controversy as—and share a common nucleus of operative facts with—Plaintiffs' claims for violations of federal law.

2.      This Court has venue under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to Plaintiffs' claims have occurred in this District.

**PARTIES**

3.      Defendant Unique N. Morris-Hughes is sued in her official capacity as the Director of the District of Columbia Department of Employment Services ("DOES"), which is the administrative agency that administers the unemployment benefits at issue in this case.

4.      Defendant Muriel Bowser is sued in her official capacity as Mayor of the District of Columbia.  She is the official ultimately responsible for administering the unemployment benefits at issue in this case, including determinations of benefits by the agency DOES and administrative appeals from such determinations conducted by the District of Columbia Office of Administrative Hearings ("OAH").

5.      Defendant District of Columbia is the governmental entity that administers the unemployment benefits at issue in this case, including determinations of benefits by the agency DOES and administrative appeals from such determinations conducted by OAH.

6.      Plaintiffs Mulugeta Hailu, Mizan Werede, William Perry and Yohannes Woube are claimants for unemployment benefits in the District.  Defendants have violated their rights as set forth below.

**STATUTORY AND REGULATORY FRAMEWORK**

**The District of Columbia Unemployment Compensation System**

7.      The District of Columbia's unemployment compensation system is part of a cooperative federal-state program established in response to the Great Depression.  State governments (including the District) administer the program in accordance with federal standards. The purpose of the program (codified at Title III of the Social Security Act, 42 U.S.C. §§ 501 *et seq.*) is to provide cash assistance to workers as quickly as possible after they lose employment. The District of Columbia Unemployment Compensation Act (codified at D.C. Code §§ 51-101 to

51-181) sets out the District's requirements for the program.  The District's highest court has ruled that the "unemployment compensation statute is remedial in nature and must be liberally construed" (*Wright v. D.C. Dep't of Emp. Servs.*, 560 A.2d 509, 511 (D.C. 1989)) and that "the purpose of the Unemployment Compensation Act [is] to protect employees against economic dependency caused by temporary unemployment and to reduce the necessity of other welfare programs." *Jones v. Dist. of Columbia Unemployment Comp. Bd.*, 395 A.2d 392, 395 (D.C. 1978).

8.     The District's unemployment compensation program is financed in part by grants provided by the federal government pursuant to the Social Security Act, 42 U.S.C. §§ 501-503. Accordingly, the District's program must meet certain minimum standards established by federal statutes and regulations.  The standards require the District to create provisions for "such methods of administration . . .  as are found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment compensation when due" and that ensure the "[o]pportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied."  42 U.S.C. §§ 503(a)(1), (a)(3).

9.     The District's statutes and regulations also govern administration of its unemployment compensation program, including the designation of DOES as the administering agency.  D.C. Code §§ 51-101 to 51-181; 7 D.C. Mun. Reg. §§ 300-399.  The District of Columbia operates its unemployment compensation system through DOES.  D.C. Code § 1–1504.01.  The District's OAH adjudicates administrative appeals of DOES unemployment compensation determinations.  D.C. Code § 2–1831.03(b)(1).

### Eligibility for Unemployment Compensation Benefits

10.     To be eligible for unemployment compensation benefits, claimants seeking benefits from the District must be unemployed through no fault of their own.  D.C. Code § 51–110.  Other

basic requirements include that the claimant must have sufficient earnings in the 12-month base period to satisfy the wage eligibility requirements and must be physically able to work.  D.C. Code §§ 51–109(a)(2), (a)(3).  Further, claimants must be available for work and are required to actively inquire about employment, with a minimum of two contacts for new work in a given week, unless the Director of DOES waives or alters these requirements.  D.C. Code § 51–109(a)(4).

11.     As a result of the COVID-19 pandemic (and the associated massive job loss), the number of District workers who lost income (and were required to file an unemployment claim in the District to gain access to safety-net benefits) increased dramatically.  Between March 2020 and September 2021, DOES reported receiving more than 250,000 unemployment compensation claims.  Dep't of Emp. Servs., UNEMPLOYMENT COMPENSATION CLAIMS DATA, Dist. of Columbia (Sept. 28, 2021), https://does.dc.gov/publication/unemployment-compensation-claims-data.   In fiscal year 2018 (October 1, 2017 through September 30, 2018), DOES reported receiving 29,283 unemployment compensation claims.  Dep't of Emp. Servs., RESPONSES TO FISCAL YEAR 2018-2019 PERFORMANCE OVERSIGHT QUESTIONS, at 58   (Feb. 15, 2019), https://dccouncil.us/wp-content/uploads/2019/02/DOES-2019-PO-responses-02-18-19.pdf.  On March 27, 2020, Congress passed the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), in part in response to the dramatic increase in the need for unemployment benefits and to account for the fact that some of the requirements of regular unemployment benefits would tend to exclude some individuals who were adversely affected by the unprecedented job loss caused by the pandemic. 15 U.S.C. §§ 9021-9032.

12.     The CARES Act created three new sources of federally-funded unemployment benefits:  Federal Pandemic Unemployment Compensation ("FPUC"), Pandemic Emergency Unemployment Compensation ("PEUC"), and Pandemic Unemployment Assistance ("PUA").

These programs were extended by the federal Continued Assistance for Unemployed Workers Act and the American Rescue Plan Act.  The Families First Coronavirus Response Act ("FFCRA"), enacted on March 18, 2020, also allowed states to suspend work search requirements for all unemployment compensation programs, which the District did from March 2020 until August 30, 2021.  FFCRA, Pub. L. No. 116-127, 134 Stat. 178 (2020); D.C. Act 23-0286 (temporarily lifting the weekly work search requirement of D.C. Code 51-109(a)(4)-(5)).  *See* Dep't of Emp. Servs., WORK          SEARCH          REQUIREMENTS          FACT          SHEET, https://does.dc.gov/sites/default/files/dc/sites/does/publication/attachments/One%20Pager.pdf (reinstating the work search requirement on August 30, 2021).

13.     PUA allowed some workers typically ineligible for unemployment benefits (including self-employed or contract workers or workers unable or unavailable for work due to a COVID-19 related reason) to collect unemployment benefits.  PUA payments were available from February 2, 2020 until September 6, 2021.  To be eligible for PUA, a claimant must have been determined to be ineligible for other unemployment benefits (including regular benefits, extended benefits, or PEUC). 15 U.S.C. § 9021(a)(3)(A)(i).  Further, claimants were required to self-certify that they were unemployed, partially unemployed, or unable or unavailable to work due to a specifically-enumerated reason related to COVID.  15 U.S.C. § 9021(a)(3)(A)(ii).

14.     PEUC extended the period of regular unemployment compensation benefits for claimants who had exhausted all rights to regular unemployment compensation. 15 U.S.C. § 9025. PEUC went into effect in March 2020 and was extended through September 6, 2021.  Suzan Levine, *Unemployment Insurance Program Letter ("UIPL") No. 14-21*, at 9-10, U.S. DEP'T OF LAB., (Mar. 15, 2021), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_14-21.pdf.  To be eligible for PEUC, a claimant must have exhausted rights to unemployment compensation or

Extended Benefits from the District of Columbia or any other state.  15 U.S.C. § 9025(a)(2)(A)-(C).  Claimants also were required to be able to work and available to work in order to qualify for PEUC.  *Id.* § 9025(a)(2)(D).

15.     FPUC supplemented payments for unemployment compensation, PUA, PEUC, and Extended Benefits (see below) by providing federal funding to promote full wage replacement for the typical worker.  15 U.S.C. § 9023.  FPUC offered an additional $600 payment on top of regular state or CARES Act unemployment benefits per claimant per week from the week ending April 4, 2020 through the week ending July 31, 2020, and a $300 payment per claimant per week from December 27, 2020 through September 6, 2021.  15 U.S.C. § 9023(b)(3).  Claimants who established their eligibility for any other unemployment compensation were automatically eligible for FPUC during the specified periods.

16.     The CARES Act also modified the pre-existing Extended Benefits unemployment compensation program.  Extended Benefits is a longstanding federal-state program that turns on (or "triggers") during periods of high unemployment, allowing claimants to receive benefits for an extended period of time.  20 C.F.R. § 615.  Extended Benefits were available to claimants who exhausted PEUC.  The CARES Act ensured full federal funding of Extended Benefits until September 6, 2021.  John Pallasch, *UIPL No. 24-20*, at 3-4, U.S. DEP'T OF LAB., (May 14, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_24-20.pdf.

### Application Process for Unemployment Compensation Benefits

17.     When an individual files an initial claim for unemployment compensation in the District, DOES must issue a Notice of Monetary Determination.  This Monetary Determination declares whether claimants are monetarily eligible for unemployment compensation based on a comparison between the District's wage requirements and the claimant's earnings during a 12-month

base period based on when the claimant filed the initial claim.  D.C. Code § 51-107; *see also* Dep't of Emp. Servs., *D.C. Unemployment Insurance Claimant's Rights and Responsibilities*, at 1-5, DIST. OF                                COLUMBIA                                (Apr.                                2011) https://does.dc.gov/sites/default/files/dc/sites/does/publication/attachments/DOES_UI_Book.pdf.   If the claimant has insufficient wages in the base period, DOES issues a Monetary Determination denying benefits on the ground that the claimant is monetarily ineligible.  D.C. Code § 51-107(c)(1).  If DOES finds that the claimant has sufficient wages in the base period (and is therefore monetarily eligible), the agency issues a Monetary Determination that includes the claimant's maximum weekly benefit amount and maximum potential benefit amount.  D.C. Code § 51-107(b)(1).

18.    The Monetary Determination also includes DOES's preliminary assessment of whether there are issues with a claim unrelated to the base period wage requirements.  If no such issues are identified, DOES must promptly issue the benefits.  If DOES detects a potential issue, the Non-Monetary Determination System automatically assigns the claim to a DOES Claims Examiner.  DOES then conducts fact finding by contacting the claimant, the employer, and any other necessary parties. Dep't of Emp. Servs., *Standard Operating Procedures ("SOPs") – Adjudication,* at 6-7 (Nov. 19, 2014); s*ee also* D.C. Code §§ 51-109, 51-110.  DOES must promptly conduct and conclude these fact-finding investigations.  *Id*. § 51-111(b).

19.    If the fact-finding investigation leads the Claims Examiner to conclude the claimant is eligible and qualified to receive benefits, DOES must promptly issue the benefits.  D.C. Code § 51-111(b).  If the fact-finding investigation leads the Claims Examiner to disqualify or hold the claimant ineligible for benefits, the Claims Examiner must promptly issue a Determination by Claims Examiner to the claimant.  D.C. Code §§ 51-111, 2-509(e); *see also* Dep't of Emp. Servs., *Standard Operating Procedures ("SOPs") – Adjudication*, at 6-7, 21-24 (Nov. 19, 2014); Dep't of Emp. Servs.,

*D.C. Unemployment Insurance Claimant's Rights and Responsibilities*, at 9, Dist. of Columbia

(Apr.                                                                                              2011)

https://does.dc.gov/sites/default/files/dc/sites/does/publication/attachments/DOES_UI_Book.pdf.

The claimant is entitled to an administrative appeal of that determination under both federal and

District law.  42 U.S.C. § 503(a)(3); D.C. Code § 51-111 (b).

      20.     DOES required claimants to file a separate application for PUA benefits (after the

agency denied their initial application for regular benefits).  Dep't of Emp. Servs., *How to File a PUA*

*Claim: Filing for Pandemic Unemployment Assistance (PUA)*, Dist. of Columbia, (last visited Dec.

21,                                                                                               2021),

https://does.dcnetworks.org/claimantservices/How%20to%20File%20a%20PUA%20Claim.PDF.

PUA benefit determinations are subject to the same procedural protections (including notice and a

hearing) as regular unemployment compensation benefits.  *See* 15 U.S.C. § 9021(h) (requiring states

to follow existing Disaster Unemployment Assistance regulations at 24 C.F.R. Part 625 to the

administration of PUA unless contradicted by this section); 20 C.F.R. 625.11 (requiring states to

apply state law to the claims for and payment of DUA); 20 C.F.R. 625.14 (g) (requiring states to

apply notice provisions of 20 C.F.R. 625.09 and appeal provisions of 20 C.F.R. 625.10 to DUA

overpayment procedures);  John Pallasch, *UIPL No. 16-20*, at I-9, I-11 to I-12, U.S. Dep't of Lab.,

(Apr. 5, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-20.pdf.   An award of PUA

benefits would also result in an entitlement to FPUC supplemental benefits, which were also subject

to the same procedural protections (including notice and a hearing) as regular unemployment

compensation benefits.  15 U.S.C. § 9023(f)(4); John Pallasch, *UIPL No. 15-20*, at I-6, U.S. Dep't of

Lab., (Apr. 4, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_15-20.pdf.

21.     Claimants were eligible to apply for PEUC benefits (during the existence of that program) if they had exhausted their regular unemployment compensation entitlements or if their benefit year had expired.  15 U.S.C. § 9025(a)(2).  PEUC benefits were subject to the same procedural protections (including notice and a hearing) as regular unemployment compensation benefits.  *See* 15 U.S.C. § 9025(e)(3)-(4) (requiring states to apply state law when issuing determinations and offsetting PEUC overpayments).  *See also* John Pallasch, *UIPL No. 17-20*, at I-7 to I-8, U.S. DEP'T OF LAB., (Apr. 10, 2020), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_17-20.pdf.

22.     For all of the foregoing programs, a claimant must certify each successive week of unemployment by filing a weekly continued claim form with DOES.  The continued claim form determines an individual's weekly eligibility for unemployment benefits by assessing the claimant's ability to work, availability to work, compliance with work search requirements (when not waived), wages earned or work completed, and other factors.  D.C. Code §§ 51-109, 51-110.

23.     The initiation of benefit payments creates a presumption of continuing eligibility as to future payments during the applicable time period.  "[B]ased on [the] initial determination and in the absence of facts clearly establishing current ineligibility, the state agency presumes the claimant's continued eligibility until it makes a determination otherwise."  Grace Kilbane, *UIPL No. 04-01*,  at ¶ 7, U.S. DEP'T OF LAB., (Oct. 27, 2000), https://wdr.doleta.gov/directives/attach/UIPL4-01.cfm.  The state agency can pause benefits for a brief 14-day period to investigate facts that could indicate ineligibility, but it must then turn benefits back on or produce a written notice.  *Id*. ¶ 6.  In the event that DOES makes a decision that a claimant is no longer eligible for benefits or denies benefits for any particular week, the claimant is entitled to the same procedural protections that apply to initial determinations, including notice and an administrative appeal.  42 U.S.C. § 503(a)(3); D.C. Code § 51-111(b).

9

**Reduction of Benefits Through Offset as a Result of Overpayments**

24.     An overpayment occurs when DOES pays a claimant some amount of benefits that the claimant is not entitled to receive.  D.C. Code §§ 51-119(d)(1).  When investigating a potential overpayment, DOES must "continue to make timely [unemployment compensation] payments (if due) and wait to commence recovery of overpayments until an official determination of ineligibility is made."  Portia Wu, *UIPL No. 1-16*, at ¶ 4(a), U.S. DEP'T OF LAB., (Oct. 1, 2015), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_01-16_Acc.pdf.

25.     If DOES identifies an overpayment issue, it must notify the claimant of the potential overpayment, give the claimant an opportunity to be heard, and send the claimant a determination of overpayment and notice of appeal rights before reducing benefits.  *Id*.  The same procedural protections that apply to denials of benefits discussed above – including notice and the right to administrative appeal – apply to determinations of overpayments.  42 U.S.C. § 503(g)(1); D.C. Code §§ 51-119(d)(2), (e)(2).

26.     Under some circumstances, DOES may recoup overpayments by offsetting future benefits.  To pursue an offset, DOES must first determine whether the overpayment qualifies for offset.  To qualify, the overpayment must fall outside the scope of statutory provisions prohibiting an offset if (1) "such sum is received by [the claimant] without fault on his part and such recoupment would defeat the purpose of this subchapter" or (2) "would be against equity and good conscience." D.C. Code § 119(d)(1).  In addition, DOES may make a discretionary decision to waive recoupment. *Id*.  DOES must "clearly communicate the potential availability of a waiver to individuals when establishing an overpayment and, if an individual requests a waiver, make an official determination on the waiver request before initiating overpayment recovery."  Portia Wu, *UIPL No. 1-16*, at ¶ 4(a),

U.S. Dᴇᴘ'ᴛ ᴏF Lᴀʙ., (Oct. 1, 2015), https://wdr.doleta.gov/directives/attach/UIPL/UIPL_01-16_Acc.pdf.

## FACTS

27.     Plaintiffs are claimants for unemployment benefits in the District.  Defendants have injured Plaintiffs by denying their benefits, terminating their benefits, seizing their benefits through offset, and/or unreasonably delaying their benefit determinations and payments.  Their troubling ordeals are set forth below.

### Mulugeta Hailu

28.     Mulugeta Hailu is a taxicab driver who lost his job in or around May 2020 because he had no customers in light of the COVID-19 pandemic.  He applied for unemployment benefits and started receiving them beginning in May 2020, and he continued to take the weekly actions necessary to keep qualifying for benefits.  He received benefits for more than nine months.  Then, beginning in March 2021, the benefits stopped for eleven weeks.  Benefits resumed again in May and continued into September 2021.  He lost $5,269 in benefits during the eleven-week gap.  That loss has caused him financial, mental and emotional distress, undermining his ability to afford rent, fuel for his car, food for himself, or support for his children.  He has had to use all of his savings and fears he may lose his home.  He is in debt to friends from whom he had to borrow during the period when benefits stopped.

29.     Mr. Hailu has never received a notice from DOES explaining why benefits stopped during the eleven-week gap.  DOES has not responded to more than ten inquiries by him and his counsel about the basis for stopping the benefits.  When he looks at the DOES online portal it indicates, without explanation, that he has been "disqualified and/or held ineligible" for part the period at issue and that benefits have been taken to offset an overpayment for another part of the period at issue.  Mr. Hailu has never received any notice from DOES explaining why (or even

11

indicating that) there has been an overpayment.  He also has never received any receipt from DOES indicating that the benefits were taken as an offset against an overpayment.

### Mizan Werede

30.    Mizan Werede worked as a server at the Willard Inter-Continental Hotel restaurant for almost seven years before she lost her job on March 17, 2020, as a result of the COVID-19 pandemic.  She has been unemployed since that time.  She applied for unemployment benefits and started receiving them in May 2020, and she continued to take the weekly actions necessary to keep qualifying for benefits.  She received benefits until early January 2021.  Then the benefits stopped for fourteen weeks, into mid-April.  She ultimately received benefits again, including receiving retroactive benefits, for a period from the end of January into September 2021 but is still missing $2,964.  That loss has caused her financial injury and mental and emotional distress arising from her inability to cover basic expenses such as food, car insurance, utility bills, and telephone bills.

31.    Ms. Werede has never received a notice from DOES explaining the rationale for why she has not received these benefits.  DOES did not respond to repeated inquiries from her and her counsel about the basis for the shortfall.  When she looks at the DOES online portal, it indicates that for three weeks in January 2021, the benefits had been taken to offset an overpayment.  She spoke with a DOES customer service representative, who also indicated that there was an offset as a result of an overpayment.  After that discussion, DOES sent her a receipt indicating that benefits for two weeks had been offset to recoup an overpayment; there was no receipt as to the third week. The receipt does not indicate the rationale for claiming that an overpayment occurred.  Ms. Werede has never received any notice from DOES explaining why there has been an overpayment (even after she affirmatively requested that any such notices be sent to her).  She does not know the basis for a claim that an overpayment occurred or the amount of the claimed overpayment.  She received

a monetary determination in June 2021 that listed wages from the hotel from July to December 2020, but she did not work or earn any money during that time.

### William Perry

32.     William Perry is a mason who has worked in the construction industry his entire adult career.  His employer laid him off from a construction job on or around June 6, 2020.  Shortly thereafter he filed a claim for unemployment benefits.  Nine months later, on or around March 2021, he received a DOES Monetary Determination finding him monetarily ineligible for a benefit year beginning February 28, 2021.  In June 2021, in response to a request from DOES, he filed proof of the wages that DOES had not considered, asking the agency to redetermine his monetary eligibility.  DOES never sent a determination denying benefits for the first nine months he filed continuing claims (from on or around June 6, 2020 up to the date of his new benefit year on February 28, 2021).  Mr. Perry and his attorney have followed up with DOES more than 35 times since then, including an in-person meeting and a discussion with customer service personnel by phone.  Among other things, DOES has told him that his claim is "lost in the system" because of computer problems at the agency.  He has now gone seventy-seven weeks without getting any benefits, and he never has received a decision from DOES regarding his request to redetermine his monetary eligibility or DOES's effective denial of benefits for the first nine months.  He has suffered financial, mental and emotional distress arising from the withholding of his benefits.

### Yohannes Woube

33.     Yohannes Woube is a taxicab driver who lost his job in March 2020 due to COVID-19.  He was unemployed for about a year (until February 22, 2021) with the exception of one month working as a temporary driver from approximately mid-November through mid-December 2020.  He applied for unemployment benefits in April 2020 but did not receive regular unemployment compensation benefits for any weeks before mid-October, and he did not receive

13

any notice explaining why.  He took the weekly actions necessary to keep qualifying for benefits for all but six weeks during the months when he did not receive benefits.  He lost $13,760 in benefits for the weeks for which he took the actions necessary to qualify.  He suffered financial, mental and emotional distress as a result of the withholding of benefits.  He was unable to pay for rent, and was at times unable to pay for food, and had to leave his home of more than a decade as a result.

34.     Mr. Woube or his counsel has contacted DOES approximately 35 times, over the course of many months, for an explanation of why he did not receive benefits during the period described above.  When calling DOES's customer service line, he was typically put on hold for two to three hours.  Each time an agent did answer he was given a different explanation for why did not receive the benefits.  When Mr. Woube consulted the DOES online portal, there were entries stating that he was not monetarily eligible for two weeks and that DOES has received his claims for the other weeks, but there was no explanation for failing to pay benefits for the remaining weeks.  Mr. Woube tried to appeal to OAH but OAH would not hear the case because he could not provide a written DOES decision explaining the basis for failing to pay benefits.

## CLAIMS FOR RELIEF

### COUNT I
**Private Right of Action Against Defendants Morris-Hughes and Bowser**
**Under the Due Process Clause of the Fifth Amendment to the U.S. Constitution**

35.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

36.     Plaintiffs hereby assert private rights of action directly under the Fifth Amendment's Due Process Clause against Defendant Morris-Hughes in her official capacity as Director of DOES

and against Defendant Bowser in her official capacity as the Mayor of the District of Columbia, seeking the Court's intervention to issue the equitable remedies described below.

37.     As a direct result of the violation of the duties described below by Defendants Morris-Hughes and Bowser, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their constitutional rights and loss of critical public benefits. Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

38.     Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.  Plaintiffs have a legitimate claim of entitlement to such benefits.

39.     Plaintiffs' unemployment benefits described above are property rights within the meaning of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

40.     Defendants Morris-Hughes and Bowser have a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of the reasons for denying or terminating their unemployment benefits.  Defendants Morris-Hughes and Bowser also have a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of procedures through which they can contest denial or termination of their benefits.  Defendants Morris-Hughes and Bowser have violated, and are violating, those duties with respect to Plaintiffs.  Those violations will continue unless enjoined by this Court.

41.     Defendants Morris-Hughes and Bowser have a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of the reasons for seizing their unemployment benefits through offsets against future benefits based on alleged overpayments to them of other

benefits.  Defendants Morris-Hughes and Bowser also have a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of procedures through which they can contest offset-seizure of their benefits.  Defendants Morris-Hughes and Bowser have violated, and are violating, those duties with respect to Plaintiffs.  Those violations will continue unless enjoined by this Court.

42.    Defendants Morris-Hughes and Bowser have a duty under the Due Process Clause not to interfere with claimants' administrative appeal rights entitling them to challenge denials, terminations or offset-seizure of unemployment benefits.  Defendants have violated, and are violating, that duty with respect to Plaintiffs by denying, terminating or seizing benefits through offset without issuing a written decision by a hearing examiner, which OAH considers to be a prerequisite for an administrative appeal of the denial, termination or offset-seizure.  Such actions and inactions by Defendants Morris-Hughes and Bowser have prevented, and are preventing, Plaintiffs from obtaining any administrative remedies for an indefinite period (and potentially permanently), thereby rendering it futile for Plaintiffs to attempt to exhaust administrative remedies before seeking redress in this Court.  The foregoing violations will continue unless enjoined by this Court.

43.    Defendant Bowser has a duty under the Due Process Clause to hear appeals of DOES decisions denying, terminating or reducing unemployment benefits, in order to provide a constitutionally-required opportunity to challenge such decisions.  Defendant Bowser, through OAH, has violated that duty with respect to Plaintiffs by refusing to hear appeals of DOES decisions denying, terminating or reducing their unemployment benefits, on the ground that DOES took such actions without issuing a written decision.  Such actions and inactions by Defendant Bowser render it futile for Plaintiffs to attempt to exhaust administrative remedies before seeking redress in this Court.  The foregoing violations will continue unless enjoined by this Court.

44.     Defendants Morris-Hughes and Bowser have repeatedly violated the Due Process Clause as described above with respect to numerous beneficiaries other than Plaintiffs.  Plaintiffs' past employment histories and Defendants' past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively with respect to all beneficiaries.

45.     To redress the foregoing injuries, Plaintiffs seek the equitable remedies set forth in paragraphs A.1 through A.4, B.1 and B.2 of the Prayer for Relief.

**COUNT II**
**Claim Against Defendant District of Columbia Under 42 U.S.C. § 1983**
**and the Due Process Clause of the Fifth Amendment to the U.S. Constitution**

46.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

47.     Plaintiffs hereby assert claims under 42 U.S.C. § 1983 and the Fifth Amendment's Due Process Clause against Defendant District of Columbia.

48.     Defendant District of Columbia is a "person" acting under color of D.C. law within the meaning of 42 U.S.C. § 1983.  The D.C. laws at issue are those through which Defendant District of Columbia administers its unemployment benefits program. *See, e.g.*, D.C. Code §§ 51-101 to 51-181.

49.     Defendant District of Columbia has subjected, or caused to be subjected, Plaintiffs to the deprivation of rights secured by the Constitution of the United States within the meaning of 42 U.S.C. § 1983.

50.     Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits, and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.

51.     Plaintiffs' unemployment benefits described above are property rights within the meaning of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

52.     Defendant District of Columbia has a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of the reasons for denying or terminating their unemployment benefits.  Defendant District of Columbia also has a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of procedures through which they can contest denial or termination of their benefits.  Defendant District of Columbia has violated, and is violating, those duties with respect to Plaintiffs.

53.     Defendant District of Columbia has a policy, custom, or practice of denying or terminating beneficiaries' benefits without providing them with adequate notice of the reasons for the denial or termination as required by the Due Process Clause.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly denied and/or terminated, and is continuing to deny and/or terminate, beneficiaries' benefits without adequate notice, thereby risking violation of their Due Process rights.

54.     Defendant District of Columbia has a policy, custom, or practice of denying or terminating beneficiaries' benefits without providing them with adequate notice of procedures through which they can contest the denial or termination.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly denied and/or terminated, and is continuing to deny and/or terminate, beneficiaries' benefits without adequate notice, thereby risking violation of their Due Process rights.

55.     Defendant District of Columbia has a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of the reasons for seizing their unemployment benefits through offsets of alleged debts based on alleged overpayments to them of other benefits.  Defendant

District of Columbia also has a duty under the Due Process Clause to provide affected beneficiaries with adequate notice of procedures through which they can contest such seizures of their benefits.

56.     Defendant District of Columbia has a policy, custom, or practice of seizing beneficiaries' unemployment benefits, through offsets based upon alleged overpayments, without providing them with adequate notice of the basis for the offsets as required by the Due Process clause. Among other things, Defendant has adopted a process whereby (if it issues any communication to a claimant regarding such a seizure), it issues a "receipt" indicating the amounts seized without explaining the rationale or facts concerning the claimed overpayment underlying the seizure.  In addition, Defendant District of Columbia knew or should have known that it has repeatedly seized, and is continuing to seize, beneficiaries' benefits through offset without adequate notice, thereby risking violation of their Due Process rights.

57.     Defendant District of Columbia has violated the Due Process rights of Plaintiffs by seizing their benefits through offsets without providing them with adequate notice of the basis for the offsets.

58.     Defendant District of Columbia has a policy, custom, or practice of seizing beneficiaries' unemployment benefits, through offsets based upon alleged overpayments, without providing them with adequate notice of procedures through which they can contest such seizures of their benefits.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly seized, and is continuing to seize, beneficiaries' benefits through offset without adequate notice, thereby risking violation of their Due Process rights.

59.     Defendant District of Columbia has violated the Due Process rights of Plaintiffs by seizing their benefits through offsets without providing them with adequate notice of procedures through which they can contest such seizures of their benefits.

60.     Defendant District of Columbia has a policy, custom or practice of denying, terminating, and seizing unemployment benefits through offset, without having a hearing examiner issue a written decision explaining the basis for that denial, termination or offset-seizure.  Defendant District of Columbia also has a policy, custom, or practice of refusing to hear administrative appeals concerning the denial, termination or seizure (through offset) of unemployment benefits unless a hearing examiner has first issued a written decision explaining the basis for that denial, termination or offset-seizure.  These customs, policies, or practices have violated, and continue to violate, beneficiaries' Due Process rights, because beneficiaries have no meaningful opportunity to challenge the denial, termination or seizure of their benefits.

61.     Defendant District of Columbia has violated the Due Process rights of Plaintiffs by denying, terminating, or seizing through offset, Plaintiffs' benefits without providing them with a hearing consisting of a meaningful opportunity to challenge the denial, termination or seizure. Defendant District of Columbia has denied, terminated or seized Plaintiffs' benefits through offset without issuing a written decision by a hearing examiner, which the District claims is a prerequisite for an administrative appeal under its custom, policy, or practice.

62.     As a direct result of the Defendant's actions and inactions, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their constitutional rights and loss of critical public benefits.  Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

63.     Plaintiffs' past employment histories and Defendant's past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively.

64.     In paragraphs A.1 through A.7, B.1 and B.2 of the Prayer for Relief, Plaintiffs seek equitable remedies with respect to the specific actions and inactions described above, through which they have been, and are being, individually injured.  In paragraphs A.1 through A.4, B.1 and B.2 of the Prayer for Relief, Plaintiffs independently seek equitable remedies to prevent the ongoing policies, customs, and practices (described above) through which they have been and are being injured, and through which there is a reasonable expectation that they will be injured again in the future, unless this Court intervenes.

65.     To redress the foregoing injuries, Plaintiffs also seek the additional remedies set forth in paragraphs C through F of the Prayer for Relief.

**COUNT III**
**Claim Against Defendant District of Columbia Under**
**42 U.S.C. § 1983 and the Social Security Act, 42 U.S.C. § 503**
**(Failure to Follow Mandatory Notice and Hearing Procedures)**

66.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

67.     Plaintiffs hereby assert claims under 42 U.S.C. § 1983 and the Social Security Act, 42 U.S.C. § 503, against Defendant District of Columbia.

68.     Defendant District of Columbia is a "person" acting under color of D.C. law within the meaning of 42 U.S.C. § 1983.  The D.C. laws at issue are those through which Defendant District of Columbia administers its unemployment benefits program.  *See, e.g.*, D.C. Code §§ 51-101 to 51-181.

69.     Defendant District of Columbia has subjected, or caused to be subjected, Plaintiffs to the deprivation of rights secured by the laws of the United States within the meaning of 42 U.S.C. § 1983.

70.     Defendant District of Columbia violated, and is violating, Plaintiffs' individually-enforceable rights under 42 U.S.C. § 503(a)(3) requiring that they have an opportunity for a fair hearing through which they can challenge the denial, termination or offset-seizure of unemployment benefits.

71.     Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.

72.     Defendant District of Columbia has a duty under the "fair hearing" requirement of 42 U.S.C. § 503(a)(3) to provide affected beneficiaries with adequate notice of the reasons for denying or terminating their unemployment benefits.  Defendant District of Columbia also has a duty under that statutory requirement to provide affected beneficiaries with adequate notice of procedures through which they can contest denial or termination of their benefits.

73.     Defendant District of Columbia has a policy, custom, or practice of denying or terminating beneficiaries' benefits without providing them with adequate notice of the reasons for the denial or termination as required by 42 U.S.C. § 503(a)(3)  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly denied and/or terminated, and is continuing to deny and/or terminate, beneficiaries' benefits without such notice, thereby risking violation of their rights under 42 U.S.C. § 503(a)(3).

74.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(3) by denying or terminating their benefits without providing them with adequate notice of the reasons for the termination.

75.     Defendant District of Columbia has a policy, custom, or practice of denying or terminating beneficiaries' benefits without providing them with adequate notice of procedures

through which they can contest the denial or termination.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly denied and/or terminated, and is continuing to deny and/or terminate, beneficiaries' benefits without such notice, thereby risking violation of their rights under 42 U.S.C. § 503(a)(3).

76.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(3) by denying or terminating their benefits without providing them with adequate notice of procedures through which they can contest the denial or termination.

77.     Defendant District of Columbia has a duty under 42 U.S.C. § 503(a)(3) to provide affected beneficiaries with adequate notice of the reasons for seizing their unemployment benefits through offsets of alleged debts based on alleged overpayments to them of other benefits.  Defendant District of Columbia also has a duty under 42 U.S.C. § 503(a)(3) to provide affected beneficiaries with adequate notice of procedures through which they can contest such seizures of their benefits.

78.     Defendant District of Columbia has a policy, custom, or practice of seizing beneficiaries' unemployment benefits, through offsets based upon alleged overpayments, without providing them with adequate notice of the basis for the offsets as required by 42 U.S.C. § 503(a)(3). Among other things, Defendant District of Columbia knew or should have known that it has repeatedly seized, and is continuing to seize, beneficiaries' benefits through offsets without such notice, thereby risking violation of their rights under 42 U.S.C. § 503(a)(3).

79.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(3) by seizing their benefits through offsets without providing them with adequate notice of the basis for the offsets.

80.     Defendant District of Columbia has a policy, custom, or practice of seizing beneficiaries' unemployment benefits, through offsets based upon alleged overpayments, without

providing them with adequate notice of procedures through which they can contest such seizures of their benefits.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly seized, and is continuing to seize, beneficiaries' benefits through offsets without such notice, thereby risking violation of their rights under 42 U.S.C. § 503(a)(3).

81.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(3) by seizing their benefits through offsets without providing them with adequate notice of procedures through which they can contest such seizures of their benefits.

82.     Defendant District of Columbia has a policy, custom or practice of denying, terminating, and seizing unemployment benefits through offset, without having a hearing examiner issue a written decision explaining the basis for that denial, termination or offset-seizure.  Defendant District of Columbia also has a policy, custom, or practice of refusing to hear administrative appeals concerning the denial, termination or seizure (through offset) of unemployment benefits unless a hearing examiner has first issued a written decision explaining the basis for that denial, termination or offset-seizure.  These customs, policies, or practices have violated, and continue to violate, beneficiaries' rights under 42 U.S.C. § 503(a)(3), because beneficiaries have no meaningful opportunity to challenge the denial, termination or seizure of their benefits.

83.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(3) by denying, terminating, or seizing through offset, Plaintiffs' benefits without providing them with a hearing consisting of a meaningful opportunity to challenge the denial, termination or seizure.  Defendant District of Columbia has denied, terminated or seized Plaintiffs' benefits through offset without issuing a written decision by a hearing examiner, which is a prerequisite for an administrative appeal under Defendant's custom, policy, or practice.

84.     As a direct result of the Defendant's actions and inactions, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their statutory rights and loss of critical public benefits.  Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

85.     Plaintiffs' past employment histories and Defendant's past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively.

86.     In paragraphs A.1 through A.7, B.3 and B.4 of the Prayer for Relief, Plaintiffs seek equitable remedies with respect to the specific actions and inactions described above, through which they have been, and are being, individually injured.  In paragraphs A.1 through A.4, B.3 and B.4 of the Prayer for Relief, Plaintiffs independently seek equitable remedies to prevent the ongoing policies, customs, and practices (described above) through which they have been and are being injured, and through which there is a reasonable expectation that they will be injured again in the future, unless this Court intervenes.

87.     To redress the foregoing injuries, Plaintiffs also seek the additional remedies set forth in paragraphs C through F of the Prayer for Relief.

### COUNT IV
### Claim Against Defendant District of Columbia Under
### 42 U.S.C. § 1983 and the Social Security Act, 42 U.S.C. § 503
### (Failure to Make Timely Determinations and Payments of Benefits)

88.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

89.     Plaintiffs hereby assert claims under 42 U.S.C. § 1983 and the Social Security Act, 42 U.S.C. § 503, against Defendant District of Columbia.

90.     Defendant District of Columbia is a "person" acting under color of D.C. law within the meaning of 42 U.S.C. § 1983.  The D.C. laws at issue are those through which Defendant District of Columbia administers its unemployment benefits program.  *See, e.g.*, D.C. Code §§ 51-101 to 51-181.

91.     Defendant District of Columbia has subjected, or caused to be subjected, Plaintiffs to the deprivation of rights secured by the laws of the United States within the meaning of 42 U.S.C. § 1983.

92.     Defendant District of Columbia violated, and is violating, Plaintiffs' individually-enforceable rights under 42 U.S.C. § 503(a)(1) entitling them to timely determinations of unemployment benefits and timely payment thereon.

93.     Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.

94.     Defendant District of Columbia has a duty under 42 U.S.C. § 503(a)(1) to make timely determinations of unemployment benefits and timely payments thereon.

95.     Defendant District of Columbia has a policy, custom, or practice of violating the foregoing duty by failing to make timely determinations of unemployment benefits and timely payments thereon.  Among other things, Defendant District of Columbia knew or should have known that it has repeatedly failed to make timely determinations and timely payments, thereby risking violations of beneficiaries' rights under 42 U.S.C. § 503(a)(1).

96.     Defendant District of Columbia has violated the rights of Plaintiffs under 42 U.S.C. § 503(a)(1) by failing to make timely determinations on, and timely payments regarding, their unemployment benefit claims.

97.     As a direct result of the Defendant's actions and inactions, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their statutory rights and loss of critical public benefits.  Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

98.     Plaintiffs' past employment histories and Defendant's past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively.

99.     In paragraphs A.8, A.9 and B.5 of the Prayer for Relief, Plaintiffs seek equitable remedies with respect to the specific actions and inactions described above, through which they have been, and are being, individually injured.  In paragraphs A.8 and B.5 of the Prayer for Relief, Plaintiffs independently seek equitable remedies to prevent the ongoing policies, customs, and practices (described above) through which they have been and are being injured, and through which there is a reasonable expectation that they will be injured again in the future, unless this Court intervenes.

100.     To redress the foregoing injuries, Plaintiffs also seek the additional remedies set forth in paragraphs C through F of the Prayer for Relief.

## COUNT V
### Claim Against Defendant District of Columbia Under
### the District of Columbia Code and District of Columbia Municipal Regulations
### (Failure to Follow Mandatory Notice and Hearing Procedures)

101.     Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

102.     Plaintiffs hereby assert claims under the District of Columbia Code and District of Columbia Municipal regulations against Defendant District of Columbia.

103.    Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.

104.    Defendant District of Columbia has violated, and is violating, D.C. Code § 51-111(b) and 7 D.C. Mun. Reg. §§ 305.6 and 306.1 by denying or terminating unemployment benefits of Plaintiffs without issuing a written decision explaining the reasons that Defendant denied or terminated the benefits.

105.    Defendant District of Columbia has seized the unemployment benefits paid to Plaintiffs by offsetting alleged overpayment of such benefits to those Plaintiffs.  Defendant District of Columbia has violated, and is violating, D.C. Code § 51-111(b) and 7 D.C. Mun. Reg. §§ 305.6 and 306.1 by determining that Plaintiffs have received overpayments without issuing a written decision explaining the reasons that Defendant believes overpayments have occurred.  Defendant District of Columbia has violated, and is violating, D.C. Code §§ 51-119(d) and 51-111 and 7 D.C. Mun. Reg. §§ 305.6 and 306.1 by determining that overpayments qualify for offset without issuing a written decision explaining the reasons Defendant believes that they qualify.

106.    Defendant District of Columbia has decided not to hear administrative appeals of decisions denying, terminating or reducing unemployment benefits if there is no written decision explaining such actions, thereby rendering it futile for Plaintiffs to attempt to exhaust administrative remedies before seeking redress in this Court.

107.    As a direct result of the Defendant's actions and inactions, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their statutory rights and loss of critical public benefits.  Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

108.   Defendant District of Columbia has repeatedly violated the D.C. Code and D.C. Municipal Regulations as described above with respect to numerous beneficiaries other than Plaintiffs.  Plaintiffs' past employment histories and Defendant's past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively with respect to all beneficiaries.

109.   To redress the foregoing injuries, Plaintiffs seek the remedies set forth in paragraphs A.1 through A.7, B.6, B.7, and C through F of the Prayer for Relief.

### COUNT VI
### Claim Against Defendant District of Columbia Under
### the District of Columbia Code and District of Columbia Municipal Regulations
### (Failure to Make Timely Benefit Determinations)

110.   Plaintiffs reallege and incorporate by reference the allegations in Paragraphs 1 through 34 of this Complaint.

111.   Plaintiffs hereby assert claims under the District of Columbia Code and District of Columbia Municipal regulations against Defendant District of Columbia.

112.   Plaintiffs meet the statutory and regulatory criteria entitling them to regular unemployment compensation benefits and/or benefits under the PUA, PEUC, and FPUC programs, in the amounts and for the periods set forth in paragraphs 28-34 above.

113.   Defendant District of Columbia has a duty under D.C. Code § 51-111(b) and 7 D.C. Mun. Reg. § 305.1 to make timely determinations of unemployment benefits and timely payments thereon.

114.   Defendant District of Columbia has violated the rights of Plaintiffs under D.C. Code § 51-111(b) and 7 D.C. Mun. Reg. § 305.1 by failing to make timely determinations on, and timely payments regarding, their unemployment benefit claims.

115.    When Defendant District of Columbia fails to act on a timely basis with respect to benefits determinations and payments, there is no action from which to pursue an administrative appeal, thereby rendering it futile for Plaintiffs to attempt to exhaust administrative remedies before seeking redress in this Court.

116.    As a direct result of the Defendant's actions and inactions, Plaintiffs have suffered and are continuing to suffer substantial harm, including but not limited to harm from breaches of their statutory rights and loss of critical public benefits.  Plaintiffs also are threatened by a substantial risk of future harm and/or future harm that is certainly impending.

117.    Defendant District of Columbia has repeatedly violated the D.C. Code and D.C. Municipal Regulations as described above with respect to numerous beneficiaries other than Plaintiffs.  Plaintiffs' past employment histories and Defendant's past actions and inactions establish a reasonable expectation that Plaintiffs will again be subjected to the violations described above in the future unless this Court enjoins such actions and inactions prospectively with respect to all beneficiaries.

118.    To redress the foregoing injuries, Plaintiffs seek the remedies set forth in paragraphs A.8, A.9, B.8, and C through F of the Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, to redress all of the foregoing harms, Plaintiffs respectfully request that this Court:

A.    Issue a permanent injunction that:

1.    prohibits Defendants from terminating unemployment beneficiaries' benefits in the future without providing a written rationale;

2.    prohibits Defendants from reducing unemployment beneficiaries' benefits, through offsets of alleged overpayments, in the future without providing a written rationale of the basis for the alleged overpayments and offsets;

30

3.      prohibits Defendants from denying claims for unemployment benefits in the future without providing a written rationale;

4.      requires Defendants Bowser and District of Columbia, through OAH, to hear administrative appeals of decisions denying, terminating or reducing unemployment benefits regardless of whether DOES has issued such decisions in writing;

5.      requires Defendant District of Columbia to pay Plaintiffs the full amount of unemployment benefits to which they would have been entitled absent premature termination of their benefits;

6.      requires Defendant District of Columbia to pay Plaintiffs the unemployment benefit amounts offset by Defendant without adequate notice;

7.      requires Defendant District of Columbia to pay Plaintiffs the unemployment benefits denied without adequate notice;

8.      requires Defendant District of Columbia to issue timely determinations of unemployment benefits and timely payments thereon; and

9.      requires Defendant District of Columbia forthwith to issue determinations of unemployment benefits, and payments thereon, to Plaintiffs who have not received them;

B.      Issue a Declaratory Judgment declaring that:

1.      Defendants have violated their duty under the Due Process Clause of the Fifth Amendment requiring them to provide adequate notice of the reasons for denying, terminating or reducing unemployment beneficiaries' benefits through offset;

2.      Defendants Bowser and District of Columbia have violated their duty under the Due Process Clause of the Fifth Amendment requiring them to provide an opportunity to challenge decisions denying, terminating or reducing unemployment benefits through offset;

3.      Defendant District of Columbia has violated its duty under 42 U.S.C § 503 requiring it to provide adequate notice of the reasons for denying, terminating or reducing unemployment beneficiaries' benefits through offset;

4.      Defendant District of Columbia has violated its duty under 42 U.S.C. § 503 requiring it to provide an opportunity to challenge decisions denying, terminating or reducing unemployment benefits through offset;

5.      Defendant District of Columbia has violated its duty under 42 U.S.C. § 503 requiring it to make timely determinations of unemployment benefits and timely payment thereon;

31

6. Defendant District of Columbia has violated its duty under D.C. Code §§ 51-119(d) and 51-111 and 7 DCMR §§ 305.6 and 306.1 requiring it to provide adequate notice of the reasons for denying, terminating or reducing unemployment beneficiaries' benefits through offset;

7. Defendant District of Columbia has violated its duty under D.C. Code §§ 51-119(d) and 51-111(b) and 7 DCMR §§ 305.6 and 306.1 to provide an opportunity to challenge decisions denying, terminating or reducing unemployment benefits through offset; and

8. Defendant District of Columbia has violated its duty under D.C. Code § 51-111(b) and 7 DCMR § 305.1 requiring it to make timely determinations of unemployment benefits and timely payments thereon;

C. Award compensatory damages against Defendant District of Columbia for Plaintiffs' mental and emotional distress in an amount to be determined at trial;

D. Award nominal damages against Defendant District of Columbia;

E. Award reasonable costs and attorney's fees against Defendant District of Columbia; and

F. Grant Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

___/s/ *Drake Hagner*___
Drake Hagner (D.C. Bar #1004674)
Jennifer Mezey (D.C. Bar #462724)
Nicole Dooley (D.C. Bar #1601371)*
Marcia Hollingsworth
  (D.C. Bar #1022019)*
LEGAL AID SOCIETY OF THE
DISTRICT OF COLUMBIA
1331 H Street, N.W., #350
Washington, DC 20005
Phone: (202) 661-5962
Fax: (202) 727-2132

___/s/ *Daniel G. Jarcho*___
Daniel G. Jarcho (D.C. Bar #391837)
Raechel J. Bimmerle*
Morgan E. Meyer*
Amanda W. Newton*
Bowen Zhang*
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC 20004
Phone: (202) 239-3300
Fax: (202) 239-3333